# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LAVRON BOOKER,**
**Claimant Below, Petitioner**

**vs.)** **No. 11-0579** (BOR Appeal No. 2044963)
(Claim No. 2009058528)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**BECKLEY AUTO MALL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lavron Booker, by Michael E. Froble, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Beckley Auto Mall, by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 2, 2011, in which the Board affirmed an August 2, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's Order dated August 24, 2009, denying authorization for treatments and addition of thoracic and lumbar components of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

Having considered the petition and the relevant decision of the lower tribunal, the Court is of the opinion that the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court determines that there is no prejudicial error. This case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

On August 29, 2008, Mr. Booker was in a motor vehicle accident while moving a car as a part of his duties working as a car detailer at Beckley Auto Mall. The injury was found compensable for whiplash injury. Mr. Booker received an x-ray, a CT scan of the brain and a CT scan of the cervical spine on the day of the accident, but no fractures or hemorrhages were found. Nonetheless, Mr. Booker presented worsening symptoms of neck and chest pain on September 1, 2008; he was advised to rest, to alternate ice and heat, and follow up with his family physician. Dr. A.E. Landis examined Mr. Booker on September 30, 2008, and diagnosed cervical and lumbosacral sprain/strain and recommended physical therapy and medication. Mr. Booker never participated in the physical therapy. On November 7, 2008, Dr. Julian Chipley, the claimant's chiropractic professional, requested to add the diagnosis of thoracic and lumbar components to the claim, as well as for ongoing chiropractic treatment and a neurological consultation. Mr. Booker participated in chiropractic treatment from November of 2009 to January of 2010.

On August 24, 2009, the claims administrator denied all of Dr. Chipley's requests. Dr. Luis Loimil evaluated Mr. Booker on October 6, 2009, examining him and reviewing his medical history, and diagnosed cervical and lumbosacral sprain/strain superimposed on a degree of degenerative disc disease with bulging discs at multiple levels. Dr. Loimil found that Mr. Booker was at maximum medical improvement and stated that home exercise was sufficient to address Mr. Booker's complaints and that a neurological consultation was not necessary as a result of the injury in August of 2008.

The Office of Judges affirmed the claims administrator's denial of additional components and treatments in its August 2, 2010, Order. The Order relied in large part on Dr. Loimil's report, finding it to be "the most complete, concise, reliable and persuasive report in the record." The Office of Judges also discussed Mr. Booker's clean x-rays and CT scans the day of the accident, his lack of cooperation with Dr. Landis's treatment, that he had been believed by both Dr. Loimil and Dr. Landis as having engaged in symptom magnification, and that he was not forthcoming with evaluators in the claim. The Board of Review reached the same reasoned conclusion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II